**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY MASLI, | No. 07-74432 |
| Petitioner, | Agency No. A078-020-251 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Johnny Masli, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny the petition for review.

The record does not compel the conclusion that changed circumstances excused the untimely filing of Masli's asylum application.  *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, Masli's asylum claim fails.

Substantial evidence supports the BIA's denial of withholding of removal because Masli's experiences of threats and a robbery did not rise to the level of past persecution, *see Nagoulko*, 333 F.3d at 1016-18, and Masli failed to demonstrate it is more likely than not he will be persecuted as a moderate Muslim or as an Americanized Indonesian, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003).

Substantial evidence also supports the BIA's determination that Masli is not entitled to CAT relief because he failed to establish it is more likely than not he will be tortured if he returns to Indonesia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

07-74432

B. FLETCHER, concurring:

I specially concur to express my disapproval of the government's unfair treatment of aliens who are directed to register under the NSEERS registration program. Although an alien may be completely law-abiding except for his illegal presence, the government uses the information provided in the NSEERS registry to order deportation. This is plain entrapment and unworthy of our government. The result is that only the most worthy and law-abiding are caught - the least worthy go free.